UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

German Patricio Mizhirumbay,[1]
Petitioner

v. Case No. 26-cv-725-SM-AJ

David Wesling, Acting Director,
Boston Field Office, U.S. Immigration
and Customs Enforcement, et al.,
Respondents

**O R D E R**

German Patricio Mizhirumbay is a civil immigration detainee from Ecuador. He is not subject to a final order of removal and his custody is governed by 8 U.S.C. § 1226(a). In his original habeas corpus petition, he sought an order directing the federal respondents to provide him with a prompt, constitutionally adequate bond hearing before a neutral decisionmaker. See generally 28 U.S.C. § 2241. On September 21, 2026, petitioner was afforded a bond hearing at which an immigration judge concluded that although the government failed to demonstrate that petitioner is a danger to the community, it did prove that he is a flight risk. The IJ denied bond.

[1] Although the court's docket spells petitioner's name slightly differently, he says (and immigration documents verify) that his name is spelled "Mizhirumbay."

Petitioner then filed an Amended Petition for Habeas Corpus Relief (document no. 10) in which he alleges that the bond hearing afforded to him was constitutionally deficient. Specifically, he says that:

> DHS did not argue that Petitioner is dangerous, and the Immigration Judge found that DHS had not met its burden on dangerousness. The Immigration Judge nevertheless denied bond as a flight risk, resting on the assertion that Petitioner "entered the United States in 2011" and that "he has five criminal motor vehicle infractions." The first is not what the record shows. The second consists of five New Hampshire convictions for operating without a valid license, the most recent in January 2024, none of which resulted in incarceration. Neither says anything about whether Petitioner will appear for his immigration hearings.[2]
>
> The Immigration Judge also did not engage with Petitioner's evidentiary submission, including the sworn letter of his United States citizen sponsor, more than twenty letters of support, the birth certificates of his two United States citizen children, and his son's IEP records. The IJ disposed of alternatives to detention in a single sentence: "There are no alternatives to detention."
>
> That hearing did not satisfy the Fifth Amendment. The government bears the burden of proving flight risk by a preponderance of the evidence, the Immigration Judge must meaningfully engage with the noncitizen's evidence, and the Immigration Judge must consider alternatives to detention.

---

[2] Petitioner also asserts that, "DHS offered no evidence that Petitioner had ever failed to appear for any hearing, and did not address alternatives to detention." Amended Petition at para. 37.

Amended Petition at paras. 4-6.

As this court has previously observed, "[a]lthough the court may not review the IJ's discretionary judgment, the IJ does not have discretion to fail to apply the burden of proof that due process requires." Mayancela Mayancela v. FCI Berlin, Warden, 2025 WL 3215638, at *5 (D.N.H. Nov. 18, 2025) (McCafferty, J.). More recently, the court noted that:

> To deny bond, DHS must prove by clear and convincing evidence that the noncitizen poses a danger to the community or prove by a preponderance of the evidence that the respondent poses a flight risk. In making such a finding, the Immigration Judge generally must sufficiently explain his or her reasoning to permit appellate or judicial review of their decisions.
>
> While this does not require an Immigration Judge to discuss ad nauseam every piece of evidence, the Immigration Judge must give reasoned consideration to the evidence as a whole, make supportable findings, and adequately explain its reasoning. Thus, while the Immigration Judge need not spell out every last detail of its reasoning where the logical underpinnings are clear from the record, it is obligated to offer more explanation when the record suggests strong arguments for the petitioner that DHS has not considered.

Mbiya v. Doe, No. 1:26-CV-00467-JL-TSM, 2026 WL 2098764, at *5 (D.N.H. July 21, 2026) (Laplante, J.) (citations and internal punctuation omitted).

Here, petitioner asserts that he submitted a 110-page evidentiary packet in support of his release on bond, which included a letter from his U.S. sponsor who agreed to "personally support him in meeting the obligations required by this Court [and] help him keep track of his court dates and appointments, remind him of upcoming hearings, and assist him with transportation when necessary so that he can appear as required." Support Letter for Bond Hearing (document no. 10-4) at 16. That package also included twenty-four letters from friends, family, and co-workers attesting to petitioner's good character, his responsibility, and each person's strong conviction that petitioner would attend all scheduled immigration hearings. Finally, it included information on petitioner's dependent son's special needs and IEP. But, says petitioner, that evidence was not considered - at least it was not mentioned - in either the IJ's oral or written decision. Moreover, says petitioner, the IJ failed to consider whether there were any alternatives to detention that would ensure his appearance at immigration proceedings.

**Conclusion**

In light of the foregoing, on or before October 14, 2026, the government shall show cause why the court should not grant the Amended Petition to the extent it seeks a de novo,

constitutionally adequate bond hearing before a new immigration judge.

**SO ORDERED.**

Steven J. McAuliffe
United States District Judge

September 30, 2026

cc: Counsel of Record